White,' J.
There are only two questions in the case that we deem it necessary to notice: 1. The question arising on the refusal of the court to require the plaintiff to submit his person to an examination ; 2. That relating to the refusal to charge as asked.
These questions are answered by the following propositions, which we lay down as governing the ease.
1. In an action to recover for personal injuries caused by the negligence of the defendant, the court has power to require the plaintiff to submit his person to an examination by physicians and surgeons, when necessary to ascertain the nature and extent of the injury.
2. On the refusal of the plaintiff to comply with such order, when properly made, the court may dismiss the action, or refuse to allow the plaintiff to give evidence to establish the injury.
The dismissal is authorized by section 5?14, Revised Statutes. Authority to exclude the evidence arises out of the inherent power of the court over the subject under investigation. Schrœder v. C. R., I. & P. R. Co., 47 Iowa, 375.
3. The refusal of the court to order such an examination of the plaintiff will not be presumed to have been based on the ground of a want of power in the court to make the order, but, in the absence of any showing to the contrary, on the ground that, under the circumstances, the order ought not to have been granted.
4. The application for such order ought to be so made as not unnecessarily to prolong the trial, or to prejudice the plaintiff in proving his case. Hence, where the application is not made until after the close of the plaintiff’s evidence in chief, and the commencement of the introduction of the defendant’s evidence, *108 and no reason is shown for the delay in making the application, it may be refused on that ground.
5. It was not error for the court to refuse to charge the jury, that the refusal of the plaintiff, “at any time after the dose of the testimony on his lehalff to allow an examination of his person touching the injury, by any competent physician and surgeon, affords a presumption against the claim of the plaintiff as to the character and extent of the injury.
The request excluded from the consideration of the jury, as a justifying or an excusing circumstance, the fact that the application was not made until after the plaintiff had closed his testimony. This might of itself be sufficient ground for the refusal. The object of asking the examination was to obtain the assistance of the plaintiff in furnishing the defendant with additional expert testimony. Testimony thus furnished, the plaintiff had no reason to anticipate when he closed his evidence. If the defendant required an examination of the plaintiff for this purpose, he should have applied for it before the evidence iff the plaintiff was closed. It would have been unjust to the plaintiff to require him to furnish such evidence against himself after his case was closed, and to which evidence he could not have replied except by a successful appeal to the discretion of the court. Por additional evidence on the subject by the plaintiff would have been evidence in chief, and not rebutting evidence.

Judgment affirmed.